UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RONALD KIRK BROWN,

    Plaintiff,                                    No. 16-11837

v.                                                    District Judge Sean F. Cox
                                                     Magistrate Judge R. Steven Whalen

STEVE RIVARD, ET AL.,

    Defendants.
_____/

**ORDER**

Plaintiff Ronald Kirk Brown, a prison inmate in the custody of the Michigan Department of Corrections, filed a *pro se* civil rights complaint, under 42 U.S.C. § 1983, and was granted leave to proceed *in forma pauperis* ("IFP") on May 24, 2016 [Doc. #5]. Before the Court is his motion to appoint counsel and to take Defendants' depositions [Doc. #35].

The Court has denied Plaintiff's previous motion to appoint counsel, *see* Doc. #27, and for the reasons stated in that order, his current request for counsel will likewise be denied without prejudice.

Plaintiff also asks to take the Defendants' depositions by video conference. Implicit in his motion is a request that the Court provide the expenses, including court reporter fees, and he has not indicated that he is able to pay those expenses. Plaintiff has provided no citation of authority for the Court to assume his discovery expenses. Nor has he indicated whether he has pursued other discovery mechanisms, such as interrogatories and requests to produce documents. In fact, even though he was granted IFP status, there is no basis to grant Plaintiff's request. I can't say it any better than Judge Enslen in *Coates*

-1-

*v. Kafczynski*, 2006 WL 416244, *2–3 (W.D.Mich., 2006):

> "Pro se litigants may use any of the discovery methods prescribed in the Federal Rules of Civil Procedure. However, this court has no authority to finance or pay for a party's discovery expenses even though the party has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915(a). *Badman v. Stark*, 139 F.R.D. 601, 605 (M.D.Pa.1991) (§ 1915 does not require the government to advance funds for deposition expenses); *Doe v. United States*, 112 F.R.D. 183, 184–85 (S.D.N.Y.1986) (in forma pauperis statute does not require government to advance funds for deposition expenses); *Toliver v. Cmty. Action Comm'n to Help the Econ.*, 613 F.Supp. 1070, 1072 (S.D.N.Y.1985) (no clear statutory authority for the repayment of discovery costs for pro se in forma pauperis plaintiff); *Ronson v. Comm'r of Corr. for State of N.Y.*, 106 F.R.D. 253, 254 (S.D.N.Y.1985) (indigent prisoner's motion to depose physician at corrections facility denied); *Sturdevant v. Deer*, 69 F.R.D. 17, 19 (E.D.Wis.1975) (28 U.S.C. § 1915 'does not extend to the cost of taking and transcribing a deposition.'); *Ebenhart v. Power*, 309 F.Supp. 660, 661 (S.D.N.Y.1969) ('Grave doubts exist as to whether Section 1915 authorizes this court to order the appropriation of Government funds in civil suits to aid private litigants in conducting pre-trial discovery.').

> "The taking of depositions would entail stenographic or court reporter expenses which this court is not authorized to pay, and plaintiff has made no showing that he is able to pay the expenses for the taking of the depositions. Instead, plaintiff may conduct his discovery by means of written interrogatories. *Smith v. Campagna*, No. 94 C 7628, 1996 WL 364770, * 1 (N.D.Ill. June 26, 1996); see also *Belle v. Crawford*, No. CIV. A. 91–8013, 1993 WL 59291, *8 (E.D.Pa. Mar.8, 1993) ('A defendant is not required to advance the plaintiff's deposition expenses merely because the plaintiff is unable to pay for such costs and fees. And, once again, the in forma pauperis statute ..., likewise does not require the Government to advance funds for deposition expenses.') (other citations omitted)."

Accordingly, Plaintiff's motion to appoint counsel [Doc. #35] is DENIED WITHOUT PREJUDICE.

The request to depose the Defendant's is DENIED.

IT IS SO ORDERED.

Dated: April 30, 2018

s/ R. Steven Whalen
R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on April 30, 2018, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla
Case Manager to the
Honorable R. Steven Whalen